**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:10-CR-00166-SDJ-BD |
| | § | |
| KEVIN TYRONE LEWIS a.k.a "K.T." (2) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Kevin Tyrone Lewis's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on June 18, 2026, to determine whether Defendant violated his supervised release. Defendant was represented by Heath Hyde. The Government was represented by Kevin McClendon.

Defendant was sentenced on August 21, 2012, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Attempted Bank Robbery, a Class B felony. This offense carried a statutory maximum imprisonment term of 25 years. The guideline imprisonment range, based on a total offense level of 28 and a criminal history category of IV, was 110 to 137 months. Defendant was subsequently sentenced to 120 months imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, obtain GED, and $100 special assessment. On July 22, 2021, Defendant completed his period of imprisonment and began service of the supervision term. On May 4, 2020, this case was reassigned to The Honorable Sean D. Jordan, U.S. District Judge. On August 20, 2021, a Request for Modifying the Conditions or Term of Supervision with Consent of the Offender was signed to include mental health treatment to include taking any medications prescribed.

On June 1, 2026, the United States Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision (Dkt. #144, Sealed). The First Amended Petition asserts that Defendant violated three (3) conditions of supervision, as follows: (1) Mandatory Condition Defendant shall not commit another federal, state, or local crime; (2) Mandatory Condition Defendant shall not commit another federal, state, or local crime; and (3) Special Condition Defendant shall obtain his GED. (Dkt. #144 at pp. 1–2, Sealed).

The First Amended Petition alleges that Defendant committed the following acts: (1) On May 18, 2026, Defendant was arrested by the Delta County, Texas Sheriff's Office for the offense of Assault Causing Bodily Injury Family Member, a Class A Misdemeanor in violation of Texas Penal Code 22.01(a)(1). On May 19, 2026, Defendant posted bond and was released from the Hopkins County Jail. As of the writing of the First Amended Petition, that case remained pending. According to the arrest report, on May 18, 2026, deputies with the Delta County Sheriff's Office made contact with Demeatrice Lewis regarding a verbal altercation with her husband, Defendant, earlier that morning. Although Mrs. Lewis initially denied any physical assault, deputies observed an abrasion above her right eye. She subsequently stated Defendant struck her in the face with a closed fist. Deputies later made contact with Defendant at the residence, where he denied the allegations. Mrs. Lewis later advised she wished to pursue charges. Based on her statements and the observed injuries, deputies determined there was sufficient probable cause to place Defendant under arrest; (2) On May 30, 2026, according to the affidavit for probable cause, Defendant was arrested on the outstanding supervised release warrant by the Delta County Sheriff's Office. A search of the vehicle revealed a clear bottle containing a yellow clear liquid commonly used to falsify drug test results. As such, Defendant was charged with the Class B Misdemeanor offense of Falsification of Drug Test Results; and (3) On July 26, 2021, Defendant was informed of his

conditions of release including the condition to obtain his GED. To date, Defendant has not obtained his GED. (Dkt. #144 at pp. 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegation 3 in the First Amended Petition. Having considered the First Amended Petition and the plea of true to allegation 3, the court finds that Defendant did violate his conditions of supervised release.

The Government moved to dismiss allegations 1 and 2 in the First Amended Petition.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of six (6) months with no term of supervised release to follow.

The court further recommends that the Government's motion to dismiss allegations 1 and 2 be granted.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in Texarkana, Texas, if appropriate.

**SIGNED this 16th day of July, 2026.**

Aileen Goldman Durrett

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE